

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,359

### EX PARTE JOSE LUIS AGUILAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. S-07-3241-CR IN THE 36TH DISTRICT COURT
### FROM SAN PATRICIO COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and indecency with a child and sentenced to two terms of twenty years' imprisonment.

Applicant contends that he was denied his right to appeal. On October 7, 2009, we remanded this application for findings of fact and conclusions of law. On remand, the trial court found that Applicant filed a pretrial motion to suppress that was denied and that he did not waive his right to appeal the denial of this motion. The trial court also found that counsel was given the opportunity

to respond but provided no evidence that he advised Applicant on the "meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). The trial court concluded that Applicant was denied his right to appeal and recommended that we grant him an out-of-time appeal.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. S-07-3241-CR from the 36th Judicial District Court of San Patricio County. His out-of-time appeal shall be limited to any issues raised by written pretrial motion. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: June 9, 2010
Do Not Publish